CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

DEC 2 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

MAURICE D. FOSTER,                )
    Petitioner,              )    Civil Action No. 7:05cv00770
                             )
v.                                )    **MEMORANDUM OPINION**
                             )
UNITED STATES OF AMERICA,         )    By: Samuel G. Wilson
    Respondent.              )    United States District Judge

Petitioner Maurice D. Foster, a federal inmate proceeding pro se, purports to bring this action pursuant to 28 U.S.C. § 2241. Foster was convicted in the United States District Court for the Northern District of Illinois of possession with intent to distribute a controlled substance, and the court sentenced him to 360 months incarceration followed by 6 years of supervised release. Foster now alleges that the court imposed a sentence in excess of the statutory maximum. A petition brought pursuant to § 2241 is not the proper avenue for a prisoner to challenge the magnitude of his sentence; rather, a petitioner wishing to launch such an attack must file a petition pursuant to 28 U.S.C. § 2255 in the district court which imposed the sentence.[1]

Because the court may not consider Foster's claims under §2241, the court will construe his petition as a §2255 motion. As Foster was convicted in the United States District Court for the Northern District of Illinois, the court could transfer motion to that court. See 28 U.S.C. § 2255.

---

[1] There are occasions when a petitioner may challenge the legality of his conviction through a § 2241 petition. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (allowing a petitioner to test the legality of his conviction using a § 2241 petition if the petitioner demonstrates 1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law). However, Foster does not challenge the legality of his conviction, only the magnitude of his sentence, and he certainly does not contend that a post-conviction change in the law has legalized either of his crimes.

However, Foster has already filed one §2255 motion in that court.[2] To file a second such motion in the district court, he must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, the district court has no jurisdiction to consider the merits of his §2255 claims. Accordingly, this court cannot find that transfer of a clearly successive §2255 motion to the sentencing court furthers the interests of justice. See, e.g., Dutton v. Warden, FCI Estill, No. 01-6811, 2002 WL 255520 (4th Cir. 2002) (unpublished) (affirming district court's refusal to transfer successive § 2255 motion to the sentencing court where petitioner failed to plead pre-filing authorization).

As Foster's §2255 motion is clearly successive and as Foster does not allege that he received pre-filing authorization from the Seventh Circuit to file a successive §2255 motion, the court finds that transferring his §2255 motion to the United States District Court for the Northern District of Illinois, which could not entertain his successive motion, does not comport with judicial economy. Accordingly, this court declines to transfer Foster's motion and dismisses it without prejudice.

The Clerk of the Court is directed to send certifies copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondents, if known.

**ENTER**: This 28th day of December, 2005.

UNITED STATES DISTRICT JUDGE

---

[2] See Civil Action No. 1:02cv006804, United States of America v. Foster, filed in the United States District Court for the Northern District of Illinois.