CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 0 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAURICE D. FOSTER, ) | |
|     Petitioner, ) | Civil Action No. 7:05-cv-00770 |
| ) | |
| v. ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Samuel G. Wilson |
|     Respondent. ) | United States District Judge |

This matter is before the court on petitioner Maurice D. Foster's Federal Rules of Civil Procedure Rule 59(e) motion for reconsideration of this court's December 28, 2005, order dismissing his 28 U.S.C. § 2255 motion as successive. Foster now alleges that the court improperly construed his petition as a motion pursuant to 28 U.S.C. § 2255 without first providing an Emmanuel notice.[1] However, Emmanuel applies only when the court converts an ambiguous or mislabeled motion into a petitioner's *first* § 2255 petition. Moreover, the court need not dispense the notice prescribed in Emmanuel "[i]n cases where no adverse consequences will ensue" upon conversion. Id. at 650. Foster does not challenge the court's finding that his petition was an unauthorized successive petition, and because the petition was not his first and because no adverse consequences could be said to have flowed from the court's dismissal of a futile unauthorized successive petition, the court was not required to issue an Emmanuel notice. Accordingly, the court finds that Foster has not stated grounds for relief pursuant to Rule 59(e). Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Foster's motion for reconsideration is **DENIED.**

The Clerk is directed to send certified copies of this order to petitioner.

---

[1] United States v. Emmanuel, 288 F.3d 644 (2002)(holding that if a prisoner files a motion that is not denominated as a motion to vacate and the court opts to convert it into petitioner's first motion to vacate, it must first notify the petitioner of the court's intent to recharacterize the motion, of the restrictions on second or successive petitions, the one year statute of limitations and the dates on which petitioner's one year period will be based, and must then give a reasonable amount of time in which to allow petitioner to respond to the court's recharacterization).

**ENTER:** This 10/h day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

2

Case 7:05-cv-00770-SGW-mfu   Document 7   Filed 01/10/06   Page 2 of 2   Pageid#: 68